25 F.3d 1037
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Rafael PEREZ-SANTANA, Defendant, Appellant.
 No. 93-2273
 United States Court of Appeals,
First Circuit.
 June 9, 1994.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Ernest C. Torres, U.S. District Judge ]
 Edward P. Manning, Jr., on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Charles A Tamuleviz, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant, Rafael Perez-Santana, pled guilty to reentry after deportation following an aggravated felony conviction, in violation of 8 U.S.C. Sec. 1326(b)(2). The district court sentenced him under the sentencing guidelines to 52 months in prison. Appellant challenges his sentence on the ground that the district court was estopped from imposing a prison sentence in excess of two years because the government advised him in Spanish at the time of his deportation that the maximum prison sentence for illegal reentry was two years. We affirm the sentence.
 
 Background
 
 2
 Appellant, a citizen of the Dominican Republic, was convicted on December 4, 1991, in Rhode Island state court of two felony counts related to the delivery of cocaine. On March 6, 1992, following a hearing before the Immigration and Naturalization Service ("INS"), appellant was ordered deported from the United States.
 
 
 3
 It is undisputed that at the time of appellant's deportation hearing, the INS provided him with Form I-294. That form warned appellant, in English and Spanish, that reentry within five years without permission would constitute a felony, punishable by imprisonment of not more that two years. The form, dated March 6, 1992, was signed by appellant to indicate receipt. At the same time, appellant also received and signed an "Attachment to Form I-294" which notified appellant that illegal entry by a person deported following conviction of an aggravated felony would be punishable by imprisonment for "not more than 15 years," pursuant to 8 U.S.C. Sec. 1326(b)(2). The "Attachment to Form I-294" was not translated into Spanish. Appellant claims that he cannot read English.
 
 
 4
 On January 13, 1993, appellant was arrested in Providence, Rhode Island, and eventually indicted by a Federal Grand Jury for illegal reentry by an alien deported following conviction of an aggravated felony. Under the terms of the plea agreement, appellant reserved his right to challenge the imposition of a sentence in excess of the two-year maximum of which he was advised by the Spanish translation of Form I-294. Prior to sentencing, appellant objected to the PSR to the extent that its recommendations would result in a prison sentence exceeding two years. Appellant argued that the district court was estopped from imposing a lengthier sentence by the government's conduct in misrepresenting at the time of his deportation that reentry into the United States would be punished by imprisonment of not more than two years.
 
 
 5
 The district court, adopting the PSR's findings of fact and application of the guidelines, arrived at an imprisonment range of 46 to 57 months. The court sentenced appellant to 52 months in prison. In rejecting appellant's estoppel argument, the court reasoned as follows. First, it had "a great deal of difficulty in accepting" appellant's contention that he had relied upon his understanding that a two-year maximum sentence applied in deciding to illegally reenter the United States. Second, the court found that the failure to include a Spanish translation of the enhanced penalty provision did not amount to the "affirmative misconduct" required by the estoppel doctrine. Finally, the court refused to apply the equitable estoppel doctrine to one who had "unclean hands," because he had knowingly violated the law by reentering the United States.
 
 Discussion
 
 6
 This appeal of the district court's sentence is based entirely on the estoppel argument. In support thereof, appellant argues that the elements of estoppel, as set forth by this court in Akbarin v. Immigration and Naturalization Service, 669 F.2d 839 (1st Cir. 1982), are met by this case. In Akbarin, this court addressed the application of the doctrine of equitable estoppel against the government in immigration cases. The court held that in determining whether the government is estopped, the focus should be on the following two questions. First, was the Government's action error? If so, then, did the government misconduct "induce the petitioner to act in a way that he would not otherwise have ?" Id. at 843.
 
 
 7
 In this case, the district court rejected appellant's contention that "if Mr. Santana had known that the maximum penalty would be four years as opposed to one to two years, that he wouldn't have entered the United States." Therefore, even assuming that the government's failure to translate the "Attachment to Form I-294" constituted government misconduct, the district court has found that the reliance element of the equitable estoppel doctrine was not met. Giving "due regard to the opportunity of the district court to judge the credibility of the witnesses," 18 U.S.C. Sec. 3742(e), we conclude that the district court's failure to find reliance was not "clearly erroneous." Id.
 
 
 8
 Moreover, in Akbarin, we held that "[p]etitioner's unclean hands ... may preclude him from asserting estoppel against the Government." 669 F.2d at 844. Here, appellant admits that he knowingly committed a felony by reentering the United States. In United States v. Perez-Torres, 15 F.3d 403 (5th Cir. 1994), the Fifth Circuit, on facts almost identical to the facts of this case, refused to apply the doctrine of equitable estoppel. The court held that "the law should not, and does not, regard the willful and knowing commission of a felony as 'reasonable' reliance for these purposes." Citing Precision Instrument Mfg. Co. v. Automotive M.M. Co., 324 U.S. 806 (1945), the Fifth Circuit reasoned as follows:
 
 
 9
 Here the matter as to which Perez seeks relief is his reentry into the United States, and as to this he is tainted with extreme bad faith, for he knew such conduct was a felony and nevertheless willfully and purposefully engaged in it; hence, to avoid injury to the public, the doors of equity are closed to Perez, however improper the INS's earlier advice to him concerning the maximum sentence for that felony.
 
 
 10
 United States v. Perez-Torres, 15 F.3d at 407.
 
 
 11
 This court applied similar reasoning in United States v. Smith, 14 F.3d 662 (1st Cir. 1994). There, appellant also challenged his sentence on the ground that the INS erroneously informed him that the maximum sentence he could receive for reentering the United States illegally was two years. In holding that petitioner's alleged reliance on the government's misstatement of the maximum penalty was not a mitigating circumstance that warranted downward departure under the sentencing guidelines, we focused on appellant's knowing commission of a felony:
 
 
 12
 Smith implicitly admits that he intentionally committed a felony. The sentencing court cannot countenance Smith's purposeful decision to engage in felonious conduct, and grant him the benefit of downward departure, because Smith understood the penalty he would face to be relatively minor.
 
 
 13
 Id. at 666.
 
 
 14
 The cases that appellant relies upon, Johnson v. Williford, 682 F.2d 868 (9th Cir. 1982) and Corniel-Rodriguez v. I.N.S., 532 F.2d 301 (2d Cir. 1976), are inapposite. In those cases, the parties asserting equitable estoppel had indisputably relied upon the government's misconduct. Moreover, in those cases appellants did not knowingly break the law. Therefore, the "unclean hands" bar to the application of equitable estoppel did not come into play.
 
 
 15
 The sentence imposed by the district court is summarily affirmed pursuant to Loc. R. 27.1.